IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 4:22-cr-00319-13-LPR

JASON McDONALD

## ORDER OF DETENTION

Defendant appeared with counsel on this date for a hearing pursuant to the Bail Reform Act. Based on the nature of the charges, it was presumed that no condition or combination of conditions would reasonably assure 1) the appearance of the person as required and 2) the safety of the community. 18 U.S.C. § 3142(e). Accordingly, the defense was required to produce some evidence to rebut the presumption that Defendant is dangerous or likely to flee. *Id.* The presumption only imposed on Defendant the burden of production; the burden of persuasion remained with the prosecution. *United States v. Ortega*, 760 F.2d 887, 891 n. 17 (8th Cir. 1985).

After hearing Defendant's evidence, I find he has not overcome the burden of production because the evidence relating to the proposed release plan was wholly unreliable. Accordingly, I find Defendant has not overcome the rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community pursuant to 18 U.S.C. § 3142(e). Therefore, Defendant is remanded to the custody of the United States Marshal.

While detained, the Defendant must be afforded a reasonable opportunity to consult privately with defense counsel.[1] Further, on order of the United States Court or on request of an

---

[1] The intent of this provision is to ensure defense counsel experiences no unnecessary obstruction communicating with the Defendant in person, by telephone, or (if possible) by video-teleconference.

attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States Marshal for a court appearance.

IT IS SO ORDERED this 18th day of November 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE